UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, *et al.*,<br><br>　　　　Defendants. | Case No. 2:23-cv-00284-KJM-JDP (PC)<br><br><br><br>ORDER |

     Plaintiff, a state prisoner proceeding without counsel, alleges that on November 22, 2020, an unnamed correctional officer purposefully closed a cell gate on his head. ECF No. 1 at 3-4. Some uncertain amount of time afterwards, an unidentified male nurse examined his injured head but declined to order x-rays or other treatment. *Id.* at 4. These allegations are sufficient to state claims against these two defendants, but plaintiff must identify them before service can be attempted. Additionally, plaintiff has named the warden of High Desert State Prison as a defendant but has not alleged any specific claims against that individual. Plaintiff must decide whether to proceed only with his claims against the two "Doe" defendants (after they are identified) or delay serving any defendant and file an amended complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on November 22, 2022, his cell door opened, and when he stuck his head out to look around the unnamed officer controlling the door purposefully closed it on him. ECF No. 1 at 3. Afterwards, a nurse examined his injured head, but declined to offer him any treatment. These allegations state, for screening purposes, cognizable claims against these defendants.

The complaint does not, however, state a cognizable claim against the warden. Plaintiff has not alleged any explicit claims against the warden, despite naming the warden in the caption of the complaint.

Plaintiff may either proceed only with the cognizable claims against the Doe defendants (once they are identified), or he may delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. See E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his Eighth Amendment claims against the Doe defendants or delay service and file an amended complaint. If plaintiff wishes to proceed against the Doe defendants, he must identify them before they can be served.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

3

IT IS SO ORDERED.

Dated: ____May 1, 2023____         _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE