UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER, | Case No. 2:23-cv-00284-KJM-JDP (PC) |
| Plaintiff, | ORDER |
| v. | |
| WARDEN, | |
| Defendant | |

Plaintiff, a state prisoner proceeding *pro se*, brings this case against defendants under section 1983 for violation of his Eighth Amendment rights. His first amended complaint fails to state a cognizable claim for screening purposes, but I will give him leave to amend.[1]  I will deny

---

[1] I previously determined that an initial version of this complaint stated, for screening purposes, valid claims against the Doe defendants for the claims at issue, and I gave plaintiff the opportunity to proceed on those allegations. ECF No. 6. He did not elect to do so, and instead filed an amended complaint. Today's order, unlike my prior order, does not allow service. I take a different approach here for two reasons: First, plaintiff's new complaint is somewhat less detailed than its predecessor, which barely alleged enough to imply that defendants' actions met the standard for Eighth Amendment violations. Second, rather than assume facts that plaintiff has

1

as premature his motion for subpoenas. ECF No. 12.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

failed to allege, I find it more appropriate to allow plaintiff to amend and articulate adequate his claims in his own words.

**II.     Analysis**

Plaintiff alleges that, in November 2020, he stuck his head out of an open cell door to see what was happening, and an unnamed officer closed the door on his head. ECF No. 11 at 3. I cannot tell from the complaint whether this act was malicious of accidental. After filing a grievance, a different unnamed officer allegedly told plaintiff that it seemed as if he wanted to have his head hit by the door. *Id.* This alleged comment, while unprofessional, does not give rise to a violation of plaintiff's constitutional rights.

Plaintiff also claims that, at an undefined point in time after the door closed on his head, an unnamed male nurse examined him and declared him uninjured. *Id.* Plaintiff notes that his head was partially obscured by his long hair and that no x-ray was taken, implying that the nurse's conclusion was incorrect. *Id.* He fails, however, to take the next step of alleging that he had an injury that required medical treatment. Additionally, without more, his claim against the nurse sounds, at worst, in medical malpractice, falling short of potential deliberate indifference.

As such, the complaint fails to state a cognizable claim. I will give plaintiff leave to amend. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**Motion for Subpoenas**

Plaintiff has also filed a motion for subpoenas that would enable him to identify "Doe" defendants for service. ECF No. 12. Given that plaintiff's amended complaint is non-cognizable, I will deny this motion as premature. He may renew this motion if he files a complaint containing viable claims against unidentified defendants.

Accordingly, it is ORDERED that:

1.  Plaintiff's motion for subpoenas, ECF No. 11, is DENIED without prejudice as premature.

2.  Within thirty days from the service of this order, plaintiff may file an amended complaint. If he does not, I will recommend this action be dismissed for failure to state a claim.

3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    November 11, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE