UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN, *et al.*,<br><br>        Defendants. | Case No. 2:23-cv-00284-KJM-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE SECOND AMENDED COMPLAINT STATES VIABLE EIGHTH AMENDMENT CLAIMS AGAINST BOTH "DOE" DEFENDANTS; AND<br><br>DIRECTING PLAINTIFF TO IDENTIFY ONE OR BOTH DEFENDANTS SO THAT SERVICE MAY BE ATTEMPTED<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S CLAIMS AGAINST THE WARDEN BE DISMISSED<br><br>ECF No. 16<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff, a prisoner in High Desert State Prison, brings this § 1983 case against two "Doe" defendants and the prison warden. ECF No. 16. He alleges that one of the "Doe" defendants, a correctional officer, purposefully closed a cell gate on his head. *Id.* at 3. Some undetermined amount of time afterwards—plaintiff states that it could have been "a day [or] a week or two"—a nurse examined his head and failed to offer him adequate treatment for his injuries. *Id.* These

allegations are sufficient to survive screening, but at least one of the defendants must be identified for the purposes of service before this action can proceed.[1]

**Screening Order**

### I.     Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

---

[1] In his complaint, plaintiff notes that the officer defendant may have been named "Montoya," but he is not certain. ECF No. 16 at 3.  He may confirm that he would like to have service attempted on this officer in his response to this order.

of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As noted above, plaintiff's Eighth Amendment claims against the "Doe" defendants are adequate to proceed.  By contrast, his claims against the prison warden are insufficient.  The only mention of this defendant is plaintiff's allegation that they failed to adequately train the officer who closed the gate on his head.  ECF No. 16 at 4.  He does not allege how the warden failed to train this officer, nor does he link that lack of training to what he otherwise appears to allege was an intentional act of malice.  Accordingly, I find that he has failed to make an adequate allegation of supervisory liability against this defendant; the warden should be dismissed.

Accordingly, it is ORDERED that:

1.    This action shall proceed based on plaintiff's Eighth Amendment claims against the two "Doe" defendants.

2.    Within thirty days of this order's entry, plaintiff shall submit a filing identifying at least one of the "Doe" defendants.  If he fails to do so, I may recommend this action be dismissed for failure to prosecute.

Additionally, I RECOMMEND that the defendant Warden be DISMISSED for the reasons stated in this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4