UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWOINE BEALER,<br><br>          Plaintiff,<br><br>   v.<br><br>WARDEN, *et al.*,<br><br>          Defendants. | Case No. 2:23-cv-0284-DC-JDP (P)<br><br>ORDER |

     Plaintiff filed this civil rights action against two Doe defendant in February 2023. ECF No. 1. Since that time, plaintiff has attempted to learn the identities of the Doe defendants. As plaintiff is not proceeding *in forma pauperis*, on September 4, 2025, I ordered plaintiff to send, within thirty days, the United States Marshal (501 I Street, Suite 5600 Sacramento, CA 95814) two completed subpoenas and a check for $130.00 payable to the USM ($65.00 for each subpoena). ECF No. 34. Plaintiff has not responded to the September 4 order, and this case has remained inactive.

     The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to

1  comply with these Rules or with any order of the Court may be grounds for imposition by the
2  Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss
3  an action based on a party's failure to prosecute an action, failure to obey a court order, or failure
4  to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986)
5  (dismissal for lack of prosecution and failure to comply with local rules).

6  Accordingly, it is hereby ORDERED that plaintiff show cause within fourteen days of the
7  date of this order why this action should not be dismissed for failure to prosecute.

8  
9  IT IS SO ORDERED.

10  
11  Dated:   November 18, 2025                    _____
                                                  JEREMY D. PETERSON
12                                                UNITED STATES MAGISTRATE JUDGE

2